IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
|     Plaintiff/Respondent, § | | |
| § | | |
| V. § | | CR. No. C-04-701 |
| § | | C.A. No. C-06-375 |
| RITO ARTURO SANCHEZ-POLANCO, § | | |
|     Defendant/Movant. § | | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND
ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Rito Arturo Sanchez-Polanco's ("Sanchez") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 38.)[1] Also before the Court is the government's response, which moves for the dismissal of Sanchez's motion. (D.E. 42.) To date, Sanchez has not filed a reply. For the reasons set forth below, Sanchez's § 2255 motion is DENIED. Additionally, the Court DENIES Sanchez a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

**II. PROCEDURAL HISTORY**

On December 16, 2004, Sanchez was charged in a single-count indictment with being unlawfully found in the United States after being previously excluded, deported, and removed, in violation of 8 U.S.C. § 1326(a) and 1326(b). (D.E. 9.) On January 25, 2005, Sanchez pleaded guilty to the indictment. (D.E. 14.) There was no written plea agreement. (Id.)

Pursuant to the Court's instructions, the probation department prepared a Presentence Investigation Report ("PSR"). The PSR calculated Sanchez's base offense level to be 8, but increased

---

[1] Docket entry references are to the criminal case, Cr. No. C-04-701.

1

the offense level by sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A). The increase was the result of Sanchez's prior conviction for possession with intent to distribute marijuana, in the United States District Court for the Western District of Texas, case no. P-95-Cr-006. (PSR at ¶¶ 10-11, 33.) The PSR also reduced Sanchez's offense level by three for acceptance of responsibility, and made no other adjustments. (PSR at ¶ 16.) Thus, his total offense level was calculated to be 21. (PSR at ¶ 19.) When coupled with his criminal history category of IV, the resulting guideline range was 57 to 71 months. (PSR at ¶ 57.)

Sanchez was sentenced on April 26, 2005. During sentencing, Sanchez's counsel objected to any enhancement of his sentence based on any prior conviction that was neither admitted by Sanchez, or found by a jury. Counsel acknowledged that his argument was foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but indicated he was raising the argument to preserve it for later review. (D.E. 30, Sentencing Transcript ("S. Tr.") at 9-11.) Counsel later filed the same objection in writing. (See D.E. 21; see also S. Tr. at 10 (Court stating that it would allow defense counsel to supplement his objection in writing within ten days after sentencing).) The Court denied the objection.

Instead, the Court adopted the PSR and determined that Sanchez's offense level and guideline range were correctly calculated. (S. Tr. at 18.) Although defense counsel asked for a downward departure, the Court declined to grant one. (S. Tr. at 14-22.) Instead, the Court imposed a 60-month term of imprisonment, to be followed by a three-year term of supervised release, and imposed a $100 special assessment. (S. Tr. at 23.) Judgment was entered on May 5, 2005. (D.E. 25.)

Sanchez timely appealed. (D.E. 22.) On appeal, his appellate counsel made essentially the same argument that his sentencing counsel had. That is, he argued on appeal that 8 U.S.C. § 1326(b) was unconstitutional, and that Almendarez-Torres was incorrectly decided. (See D.E. 34 at 1.) On December 14, 2005, the Fifth Circuit issued a per curiam decision affirming the judgment of this

2

Court. (D.E. 34.) Sanchez filed a petition for writ of certiorari, and the Supreme Court denied the petition on March 21, 2006. (D.E. 35.)

The Clerk received Sanchez's § 2255 motion on August 28, 2006. (D.E. 38.) It is timely.

### III. MOVANT'S ALLEGATIONS

Sanchez lists four grounds for relief in his motion and a fifth ground for relief in his accompanying one-page brief in support. First, he claims that his guilty plea was unknowing and involuntary because his attorney never explained to him any of the consequences of his plea. Second, he argues that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure because when he was arrested by officers in his house, they did not have any order of arrest, but "just broke in." (D.E. 38 at 5.) Third, he argues that his conviction violated his right not to be subject to double jeopardy. This appears to be a claim that the enhancement of his sentence in this case based on his prior convictions was unconstitutional. Fourth, he makes a general claim that his attorney was ineffective and states that his attorney only visited with him a couple of times and never explained anything; instead "he just wanted for [Sanchez] to sign the papers of [his] sentence." (D.E. 38 at 5.) Fifth and finally, Sanchez appears to assert a claim that his increased offense level under § 2L1.2 violates the principles set forth in United States v. Booker, 543 U.S. 220 (2005) and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004).[2]

As discussed in detail herein, Sanchez is not entitled to relief on any of his claims.

---

[2] In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that the principles in Blakely – a state case – applied to the federal sentencing guidelines, as well. Although Sanchez's motion mentions Blakely, but not Booker, it was the Booker decision – a *federal* criminal case – that is more pertinent. Because of this, and because the government references the decision in its response, the Court construes his claim based on Blakely as being premised upon Booker, as well.

## IV. DISCUSSION

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**B.     Procedural Bar**

Where a defendant fails to raise an issue in his criminal proceedings, that issue is procedurally barred from consideration in § 2255 proceedings. See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000). A district court may consider a defaulted claim only if the movant can demonstrate either (1) cause for his default and actual prejudice; or (2) that he is factually innocent of the crime charged. Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).

Sanchez's claim of ineffective assistance of counsel is not procedurally barred. Such claims are properly made for the first time in § 2255 motions because they raise an issue of constitutional magnitude and generally cannot be raised on direct appeal. United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2002); United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992). Thus, it will be necessary to address the merits of his ineffective assistance claim, which the Court does herein.

His remaining grounds for relief, however, are all claims that should have been raised on direct appeal and were not.[3] His failure to raise these claims precludes this Court's consideration of them as part of his § 2255 motion, unless Sanchez can demonstrate either "cause and prejudice" or "actual innocence." Bousley, 523 U.S. at 622; Jones, 172 F.3d at 384. Sanchez has not alleged that he is actually innocent, nor has he alleged or shown cause and prejudice for his failure to raise these claims. Thus, those claims are procedurally barred.

Moreover, even if they were properly before the Court, Sanchez's claims do not entitle him to relief, for the reasons discussed in the following sections.

### C.     Unknowing and Involuntary Guilty Plea

Sanchez argues that his guilty plea was not knowing and voluntary because his attorney did not explain to him "any of the later consequences" of his plea. (D.E. 38 at 5.) As an initial matter, the Court notes that this claim is subject to dismissal because it is completely devoid of any facts or details in support of it. See United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) (conclusory allegations on a critical issue do not raise a constitutional issue). His claim fails for this reason alone.

Additionally, Sanchez's claim that he did not understand the consequences of his plea is flatly contradicted by his own testimony in this case. At the time that he pleaded guilty, the Court properly and fully assured itself that his plea was knowing and voluntary, as a trial judge is required to do. See James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995); Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991) (defendant must have a full understanding of what the plea connotes and of its consequences). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences

---

[3] It is difficult to ascertain the precise contours of Sanchez's fifth claim, although it appears that it may be based on or related to the claim his appellate counsel raised on appeal. To the extent that his fifth claim was raised on appeal, it is nonetheless barred because it was raised *and rejected* on appeal. See infra at Section IV.G. (citing United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986)).

of the plea. United States v. Garcia, 983 F.2d 625, 627-28 (5th Cir. 1993). In this case, Sanchez's own testimony makes clear that his guilty plea was knowing and voluntary and contradicts any belated assertion of a lack of understanding of the consequences of pleading guilty.

At his rearraignment, Sanchez testified in open court that he had had enough time to talk with his attorney, that his attorney had answered all of his questions, that his attorney had seen him in jail, and that he was satisfied with the advice and efforts of his attorney. (R. Tr. at 18-21.) The Court then informed Sanchez of the charge against him and he testified that he understood it. (R. Tr. at 26-27.) He further testified that his attorney had told him about the charge in Spanish and that he had discussed the indictment completely with his attorney. (R. Tr. at 27.)

Although Sanchez now contradicts the sworn testimony at his rearraignment with his vague assertion that counsel did not explain the consequences of his plea, his rearraignment testimony is substantiated by the affidavit testimony of his counsel. (D.E. 42 at Exhibit A, Affidavit of Christopher Jenkins.) Sanchez's counsel, Mr. Jenkins, avers that he visited with Sanchez on three occasions in jail and at each court setting. He further avers that he explained to Sanchez the law relevant to illegal reentry cases, the sentencing procedure, the application of the sentencing guidelines (including the impact of Sanchez's extensive criminal history), and the impact of the Booker decision. (Id..)

Additionally, prior to accepting Sanchez's plea, the Court informed him about his trial rights and that if he pleaded guilty, he would be giving up these rights. (R. Tr. at 28-30.) Sanchez testified that he understood. (R. Tr. at 30.)

Consistent with Rule 11, Fed. R. Crim. P., the Court explained to Sanchez the maximum punishment that he might receive. Specifically, the Court informed him that he could be imprisoned for up to 20 years, plus a fine up to $250,000, and that he could face up to three years of a supervised release term. (R. Tr. at 39.) Once again, Sanchez testified that he understood. (R. Tr. at 39.)

6

The Court explained that the Sentencing Guidelines were advisory, and explained the concepts of relevant conduct and criminal history. Sanchez testified that he had discussed those issues with his attorney. (R. Tr. at 41-42.) Sanchez also testified that he understood that his attorney's opinion of the guidelines are not necessary the same as the Court's, that he could be sentenced anywhere in the sentencing range that the Court had previously set forth (up to 20 years maximum), and that the final decision as to what his sentence would be rested with the Court. (R. Tr. at 43.) In response to questioning by the Court, Sanchez also testified that no one had forced him in any way to plead guilty, and that his decision to plead guilty was entirely voluntary. (R. Tr. at 44.)

Sanchez's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Put simply, Sanchez's sworn statements preclude the relief he seeks here. He was not coerced, he understood the charges against him, he understood the trial rights he was giving up, he understood the possible maximum sentence he faced, and he understood how the sentencing guidelines would operate generally. Cf. Garcia, 983 F.2d at 627-28 (setting forth core concerns in guilty plea proceedings). Nothing in his testimony suggests that he did not understand the nature of the charge or the consequences of his plea, as he now alleges. Moreover, his testimony establishes that his counsel had explained the consequences of his plea.

For all of the foregoing reasons, this claim fails.

**D.    Claim of Illegal Search and Seizure**

Sanchez's second claim is that the arrest leading to his conviction in this case was unlawful because the officers did not have "an order of arrest," but instead "just broke in." (D.E. 38 at 6.)

7

Notably, Sanchez cannot raise his Fourth Amendment claims at this juncture. See United States v. Cothran, 302 F.3d 279, 286 (5th Cir. 2002) (an unconditional guilty plea waives objections to searches and seizures that violate the Fourth Amendment).

Moreover, even if the arrest were unlawful,[4] the evidence of Sanchez's identity and his INS records would not be subject to suppression. United States v. Roque-Villanueva, 175 F.3d 345 (5th Cir. 1999) (holding that "[e]ven if the Defendant was illegally stopped, neither his identify nor his INS file are suppressible"); United States v. Herrera-Ochoa, 245 F.3d 495, 498 (5th Cir. 2001) (relying on Roque-Villanueva to affirm district court's ruling that, despite an illegal detention and arrest of an alien, evidence of his identity and immigration file were not subject to suppression). Thus, even if there were some evidence that his arrest was illegal, he could still have been convicted on the basis of his identify and his INS file.

Sanchez's second claim is thus without merit.

### E.  **Alleged Double Jeopardy Violation**

Although Sanchez couches his third claim as a violation of his "double jeopardy" rights, it appears that he is challenging the Court's consideration and use of his prior convictions at sentencing in order to increase his sentence. He states:

> My conviction was obtained using my old criminal records I already did time for those old sentences, but the Court still used them to sentenced me again this time and it is double jeopardy. [sic]

(D.E. 38 at 6.)

The Court's consideration of Sanchez's prior convictions in sentencing him is in conformity with the Sentencing Guidelines and does not violate the principles against double jeopardy. See Witte

---

[4] There are no details in either the PSR or provided by the government at the rearraignment as to the circumstances leading to Sanchez's arrest. According to his counsel's statements at sentencing, however, some unidentified person informed the INS that Sanchez was living in the United States illegally, and immigration agents went to his house and arrested him. (S. Tr. at 15.)

8

v. United States, 515 U.S. 389, 400 (1995) ("In repeatedly upholding such recidivism statutes, we have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense ... [is] a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.") (internal citation and quotation omitted); see also United States v. Booker, 543 U.S. at 240 (discussing Witte).

Additionally, to the extent that Sanchez is claiming that the scoring of his prior criminal offense was somehow improper under the United States Sentencing Guidelines, this claim also fails. First, misapplication of the sentencing guidelines is not a cognizable claim in a § 2255 motion. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). Moreover, the Court did not err. The guidelines provide that certain prior convictions are used to establish a defendant's criminal history. An advisory guideline range is then calculated using a combination of the offense level and the criminal history. The Court did not act improperly, and his prior convictions were properly scored. Likewise, the guidelines direct that certain prior convictions should be used to enhance a sentence consistent with 8 U.S.C. § 1326(b); thus, Sanchez's sentence was properly enhanced. This claim also fails.

### F.     Ineffective Assistance of Counsel

Sanchez's fourth claim is that he was denied effective assistance of counsel. He makes a general claim that his attorney did not communicate with him, and also alleges that his attorney did not inform him of the consequences of his plea.

His claims are properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and

9

that this deficient performance led to an unfair and unreliable conviction and sentence. U.S. v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"), cert. denied, 514 U.S. 1071 (1995); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

As already noted, Sanchez's claim that his counsel did not discuss the consequences of pleading guilty is flatly contradicted both by his own testimony at the rearraignment and by his counsel's affidavit. Thus, the Court finds no merit in his contention that his attorney was deficient.

Sanchez also cannot establish prejudice. In order to show prejudice arising from an attorney's ineffective assistance during the plea negotiations or the plea itself, Sanchez must show that, absent his counsel's deficiencies, he would have proceeded to trial. See United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000) (in order to show prejudice as a result of ineffective assistance during the guilty plea process, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial") (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Sanchez does not even allege, let alone show, that he would have proceeded to trial had he known of the true consequences of his plea. Accordingly, he cannot show prejudice, either.

To the extent that Sanchez's general claim can be construed as one that his counsel was ineffective because he failed to raise the arguments Sanchez now raises in his other grounds for relief (addressed in Sections IV.C, IV.D, IV.E, and IV.G. herein), his ineffective assistance claim fails. For the reasons discussed in those sections, those arguments are meritless. Accordingly, Sanchez was not prejudiced by his counsel's failure to raise them. See United States v. Kimler, 167 F.3d 889, 893

(5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Without a showing of prejudice, his ineffective assistance claim fails.

For all of the foregoing reasons, Sanchez's ineffective assistance claim fails.

### G.     Claim Pursuant to *Booker*

Sanchez's fifth and final claim is set forth in his supporting brief. That claim is essentially a synopsis of several cases, which he apparently cites as supporting the argument that his constitutional rights were violated because the 16-level increase in his offense level resulted in an improper enhancement of his sentence. He relies on the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005)[5] to argue that the 16-level increase to his offense level unconstitutionally increased his sentence based on the fact that he was previously convicted of a felony, a fact that was not alleged in the indictment and was not found by a jury or admitted by him. Additionally, although he cites to the case of Almendarez-Torres v. United States, 523 U.S. 244 (1998), (see D.E. 40 at page titled "Brief in Support of Motion"), he apparently believes contends that Blakely and Booker effectively overruled Almendarez-Torres.

As an initial matter, to the extent that Sanchez is raising a claim that was raised in his appeal, that claim is not properly before the Court. It has long been "settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986) (affirming district court's refusal to entertain the defendant's § 2255 motion).

---

[5] See supra note 2.

Moreover, any challenge to his increased punishment and to the constitutionality of 8 U.S.C. § 1326(b)(1) and (2) fails as a matter of law. In Almendarez-Torres, a case decided prior to Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that Congress intended to set forth a sentencing factor in 8 U.S.C. § 1326(b)(2)[6] and not a separate criminal offense. 523 U.S. at 235. Thus, the Almendarez-Torres court concluded that it was not necessary for the factor to be contained in the indictment or found by a jury beyond a reasonable doubt. This case was the genesis of the prior conviction exception to the rule of Apprendi. See Apprendi, 530 U.S. at 487-90 (calling Almendarez-Torres an "exceptional departure," but declining to revisit the issue and treating the case as a "narrow exception" to the general rule set forth in Apprendi). Almendarez-Torres forecloses Sanchez's argument that his enhancement pursuant to ¶ 1326(b)(2) was unconstitutional because his prior conviction was not alleged in the indictment, found by a jury or admitted by him.[7]

Similarly, any argument that Almendarez-Torres has been effectively overruled by Blakely or Booker has been repeatedly rejected by the Fifth Circuit. Thus, while it is true that the holding in Almendarez-Torres has been called into doubt by some,[8] it currently remains good law. See United

---

[6] Subsection (b) increases the criminal penalties for reentry of certain removed aliens, including additional penalties for those previously convicted of certain crimes. It is implemented in the Sentencing Guidelines through Section 2L1.2.

[7] It is also worth noting that, although Sanchez's prior felony conviction for possession with intent to distribute marijuana was not explicitly referenced in Sanchez's indictment, 8 U.S.C. § 1326(b) was referenced. Moreover, at his rearraignment, Sanchez admitted that the prosecutor's recitation of the facts of his offense was accurate. That recitation included the statement that "[h]e had been convicted of smuggling 97 pounds of marijuana back in June of 1995 at Presidio, Texas and possession of cocaine in Odessa, Texas in February of 1990." (R. Tr. at 49.) Sanchez testified that the statement was correct, that he did not disagree with any part of the statement and that there was nothing he wished to add to it. (R. Tr. at 50.) Thus, contrary to his assertions now, he did admit the fact of his prior conviction at his rearraignment.

[8] Justice Thomas, the key fifth vote in the Almendarez-Torres five-member majority, has suggested that the decision should be overturned:

> [T]his Court has not yet reconsidered Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed 2d 350 (1998), which draws an exception to the Apprendi line of cases for judicial factfinding that concerns a defendant's prior convictions. See Apprendi, supra, at 487-490, 120 S. Ct.

12

States v. Sanchez-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005) (Almendarez-Torres remains binding); United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir. 2005) (same). Almendarez-Torres controls this case and this Court is powerless to overturn Supreme Court precedent. For the foregoing reasons, Sanchez is not entitled to relief on his fifth claim.

**H.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Sanchez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

---

> 2348. Almendarez-Torres ... has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided. See 523 U. S., at 248–249 (SCALIA, J., joined by STEVENS, SOUTER, and GINSBURG, JJ., dissenting); Apprendi, supra, at 520–521 (THOMAS, J., concurring). The parties do not request it here, but in an appropriate case, this Court should consider Almendarez-Torres' continuing viability.

Shepard v. United States, 125 S. Ct. 1254, 1264 (2005) (THOMAS, J., concurring).

assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Sanchez's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to the claims that this Court has addressed on procedural grounds, the Court finds that Sanchez cannot establish at least one of the Slack criteria. Specifically, jurists of reasons would not find this Court's procedural rulings debatable. Accordingly, Sanchez is not entitled to a COA as to his claims.

## V. CONCLUSION

For the aforementioned reasons, Sanchez's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 38) is DENIED. Additionally, Sanchez is DENIED a Certificate of Appealability.

ORDERED this 8th day of January, 2007.

_____
Janis Graham Jack
United States District Judge